UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JESSE KENNETH LEE (#390352)                          CIVIL ACTION

VERSUS

                                                      24-437-SDD-SDJ
TIM HOOPER, ET AL.

### ORDER

On July 1, 2025, summons for the remaining two defendants, Ramsey and Smith, were returned as executed. *See* R. Docs. 14 and 15. The defendants failed to respond to the suit, which caused the Court to more closely inspect the service returns. The summons for both defendants were left with Assistant Warden Shannon Demars. As such, service on both defendants is not sufficient and shall be quashed.

Pursuant to Federal Rule of Civil Procedure 4(e), service of summons upon an individual may be made in one of four ways: (1) following state law; (2) delivering a copy to the individual personally; (3) leaving a copy at the individual's dwelling or usual place of abode; or (4) delivering a copy to an agent authorized by appointment or by law. Federal Rule of Civil Procedure 45(b) provides that serving a subpoena requires that a copy of the subpoena be delivered to the named person.

The summons was not personally served upon either defendant, nor was it left at their home or place of abode. Domiciliary service cannot be made at one's place of work. *See Muhammad v. State of Louisiana*, No. 99-3742 & No. 99-2694, 2000 WL 1511181, n. 10 (E.D. La. Oct. 6, 2000); *Smith v. Western Offshore, Inc.*, 590 F. Supp. 670, 674 (E.D. La. 1984) ("Service upon an individual through a nonauthorized agent for service of process at the individual's place of business is not a proper means of serving process under the Federal Rules of Civil Procedure.").

USM

Nor was the summons delivered to either defendant's authorized agent. Service on a police department, other officers, or police station staff is generally insufficient to effect service on a police officer sued in his individual capacity. *Carter v. City of Thibodaux,* 2013 WL 5673570, *2–3 (E.D. La.2013); *Goodman v. Clark,* 2010 WL 2838396, *6–10 (N.D. Ind. 2010); *Laffey v. Plousis,* 2008 WL 305289, *5 (D.N.J.2008) *citing Elkins v. J.A. Broome,* 213 F.R.D. 273, 276 (M.D. N.C. 2003); *Melton v. Wiley,* 262 F. App'x 921, 923 (11th Cir. 2008); *Etris v. Snyder,* 2012 WL 692811, *3 (N.D. Ga. 2012). *See also Daly–Murphy v. Winston,* 837 F.2d 348, 355 (9th Cir. 1987) ("Rule 4 has generally been construed to mean that service at a defendant's place of employment is insufficient [when he is sued in his individual capacity]."). Similarly, service on a prison, other correctional officers, or prison staff is not sufficient to effect service on a prison employee sued in his individual capacity.

There is no evidence to suggest that either defendant appointed Assistant Warden Demars to accept service on his behalf. Accordingly, the service on both defendants is insufficient. However, if good cause exists, then the Court must extend the time period for service of process. Here, the insufficient service is not the fault of the plaintiff. As such the Court will extend the time for service and provide further instruction to the USM. Accordingly,

**IT IS ORDERED** that the insufficient service on defendants Ramsey and Smith is **QUASHED**.

**IT IS FURTHER ORDERED** that the plaintiff shall have an additional 45 days to serve the defendants.

**IT IS FURTHER ORDERED** that the Clerk of Court shall deliver a copy of this Order to the USM.

**IT IS FURTHER ORDERED** that the USM shall re-attempt to serve these defendants by one of the following methods: (1) serving the defendants' registered agent, Rhonda Weldon, at the Louisiana Department of Public Safety and Corrections; (2) personally handing the summons to the defendants themselves at work, home, or wherever found; or (3) by leaving the summons at the homes of the defendants with a person of suitable age and discretion who resides there.

Signed in Baton Rouge, Louisiana, on December 1, 2025.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**